FILED
United States Court of Appeals
Tenth Circuit

November 28, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHARLES JAMES GRIFFIN, JR.,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

Defendant-Appellee.

No. 08-1054
(D.C. No. 1:07-cv-00176-JLK)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **EBEL** and **GORSUCH**, Circuit Judges.

Charles James Griffin, Jr., proceeding pro se, appeals from the district

court's dismissal of his action for lack of subject matter jurisdiction due to

Mr. Griffin's failure to exhaust his administrative remedies. The Commissioner

of Social Security has filed a motion to dismiss the appeal, asserting that upon

further factual review, the agency has determined that a remand for further

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

administrative proceedings is appropriate. Mr. Griffin, whose pro se filings are entitled to a liberal construction, *see Wheeler v. Comm'r*, 528 F.3d 773, 781 (10th Cir. 2008), has objected to the motion to dismiss. Exercising jurisdiction under 28 U.S.C. § 1291, we grant the motion to dismiss, subject to the Commissioner's agreement, as stated in his motion, to consider Mr. Griffin's filing of this action as a timely filed request for a hearing before an administrative law judge (ALJ), and to remand the matter to an ALJ for a hearing.

## Background

In 1993, the Commissioner determined that Mr. Griffin was entitled to disability insurance benefits (DIB) under Title II of the Social Security Act. Those benefits were later reduced by an offset for state workers' compensation benefits. Mr. Griffin filed a request for reconsideration, which was denied by a Notice of Reconsideration dated December 11, 2006 (Notice). In the Notice, the Commissioner advised Mr. Griffin that he had the right to appeal the decision by requesting a hearing before an ALJ within sixty days of the date he received the Notice.

Mr. Griffin did not request a hearing before an ALJ; instead, he filed this action on January 24, 2007, naming the Commissioner and three individual employees of the Social Security Administration (SSA) in their official capacity. The Commissioner moved to dismiss the official-capacity claims against the individual defendants on the ground that Mr. Griffin's claims were really against

-2-

the United States in the form of the Commissioner. The Commissioner also moved to dismiss the action for lack of subject matter jurisdiction.

The district court granted the motion for the reasons stated in it, dismissing the official-capacity claims and the case. Mr. Griffin asked the court to reconsider its dismissal of the case or, in the alternative, to consider his request as a notice of appeal. The district court denied the motion to reconsider but considered the request to be Mr. Griffin's notice of appeal. Mr. Griffin thereafter filed an additional notice of appeal.

## Analysis

By statute, federal courts have jurisdiction to review "any final decision of the Commissioner." 42 U.S.C. § 405(g); *see also id.* § 405(h) ("No findings of fact or decision of the Commissioner . . . shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). The term "final decision" is not defined in the statutes, and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). To that end, the Commissioner has promulgated regulations setting out a four-step administrative review process. *See* 20 C.F.R. § 404.900(a). A determination about "[a] reduction in [a claimant's] disability benefits because [the claimant] also receive[s] benefits under a workmen's compensation law" is an "initial determination." *Id.* § 404.902(e). If dissatisfied with the initial determination, a claimant may ask for reconsideration. *Id.* § 404.907. If the

-3-

claimant is dissatisfied with the reconsideration, he may request a hearing before an ALJ, *id.* §§ 404.929, 404.930, and if still dissatisfied after the ALJ's decision, the claimant may request that the Appeals Council review the decision, *id.* § 404.967. After the Appeals Council either denies the request for review or grants the request and issues its own decision, the claimant may seek judicial review by filing an action in the proper federal district court within sixty days after receiving notice of the Appeals Council's decision. *Id.* § 404.981.

Mr. Griffin completed only the first two steps of this process. Because there is no indication that further administrative proceedings would be futile or that the Commissioner has waived further exhaustion, the district court properly dismissed his action for failure to exhaust his administrative remedies. *See Heckler v. Ringer*, 466 U.S. 602, 617-19 (1984) (discussing exceptions to exhaustion doctrine and affirming dismissal for failure to exhaust); *see also Weinberger*, 422 U.S. at 765 (explaining that among other things, exhaustion is ordinarily required to "prevent[] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors"). But rather than affirm the district court's dismissal, we elect to grant the Commissioner's motion to dismiss this appeal. In the motion, the Commissioner states that the SSA,

> in its role as finder of fact, has further reviewed [Mr.] Griffin's case and determined that a remand for further administrative proceedings is appropriate. If the Court grants this motion, the Appeals Council

-4-

will consider [his] filing of the district court civil action (D.C. NO. 07-cv-00176-JLK) as a timely filed request for hearing before an [ALJ]. The Appeals Council will remand the matter to an ALJ for a hearing on SSA's determination to offset [Mr.] Griffin's Social Security disability benefit amount because he was also receiving federal workers' compensation benefits.

Mot. to Dismiss at 1. Although Mr. Griffin opposes the motion, he has not advanced any reasoned argument that persuades us to deny it; indeed, he would be disserved by the alternative—affirmance of the district court's dismissal. Accordingly, subject to the conditions set forth in the motion regarding a remand for a hearing before an ALJ, we GRANT the motion to dismiss this appeal. We encourage Mr. Griffin to take advantage of the Commissioner's generous offer, and we thank the Commissioner for advancing it.

The appeal is DISMISSED for the reasons stated above.[1]

Entered for the Court

David M. Ebel
Circuit Judge

---

[1] In his complaint and his motion to reconsider, Mr. Griffin also requested that the district court appoint an attorney to represent him. Mr. Griffin has not challenged the district court's implicit denial of those requests, and to the extent he has asked for counsel on appeal in his "Third Brief Motion Answer," his request is denied.